## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

**CHAMBERS OF MARK FALK**                                                        USPO & COURTHOUSE
**CHIEF MAGISTRATE JUDGE**                                               1 FEDERAL SQ., ROOM 457
                                                                                          NEWARK, NJ 07101
                                                                                          (973) 645-3110

## <u>LETTER OPINION & ORDER</u>

January 28, 2021

Genesis A. Peduto, Esq.
8512 Kennedy Boulevard
Suite One
North Bergen, NJ 07047
*Attorney for Plaintiff,*
*Michael Smith*

Michael A. DaQuanni, Esq.
Law Office of Michael A. DaQuanni
1481 Oak Tree Road
Iselin, NJ 08830
*Attorney for Defendant,*
*City of Bayonne*

> **Re: Smith v. City of Bayonne**
> <u>**Civ. A. No. 17-4831 (CCC)**</u>

Dear Counsel:

     This is a Section 1983 action by Plaintiff Michael Smith, a Bayonne municipal employee, alleging retaliation for supporting a candidate in a local political election. Discovery has been ongoing for some time and is scheduled to close in March 2021. Before the Court is a letter motion by Defendant, the City of Bayonne, to compel the production of Plaintiff's tax returns from 2015 to the present.  (ECF No. 69.)  Plaintiff opposes the application.  (ECF No. 70.)  The Court has discussed this issue in numerous informal telephone conferences, but oral argument is not formally needed.  *See* Fed. R. Civ. P. 78(b).  For the reasons below, Defendant's request is **GRANTED** subject to appropriate redaction.

     As part of his damages, Plaintiff claims lost front and back pay.  According to Defendant, however, Plaintiff has not produced any documents relating to his income for the last 6 years, including no W-2's, disability payments, unemployment income, rental income, or retirement payments, to the extent present.  Moreover, Plaintiff was asked

questions at his deposition about his income and he responded that he "did not remember" or "recall" information responsive to such questions.  (ECF No. 69 at 2.)  In a series of phone conferences, the Undersigned repeatedly directed Plaintiff to produce his tax returns subject to specific redaction, but for some unexplained reason, he has not yet produced them.  Plaintiff's position is that tax returns are private and their production unnecessary and that the information is available elsewhere.  (ECF No. 70.)

Tax returns are not immunized from discovery in federal civil litigation.  While they are generally regarded as private communications between the taxpayer and the government, *see DeMassi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982), their production must be balanced against the public policy favoring liberal discovery.  *See Sharp v. Coopers and Lybrand*, 83 F.R.D. 343, 352 (E.D. Pa. 1979).  District courts generally apply a two part test to the discoverability of tax returns:  (1) has the party seeking discovery established the relevance of the returns?; (2) if relevance is established, the returns are discoverable unless the party resisting discovery meets a burden to show that there is no compelling need for the returns because the information is available from other sources.  *See Fort Washington Resources v. Tannen*, 153 F.R.D. 78, 80 (E.D. Pa. 1994).  It is noted that this case law is advisory and non-binding, and that the conduct of discovery in a given case is always a matter of discretion.  *See, e.g.*, *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).

Here, Defendant has established that the returns are relevant.  Plaintiff seeks front and back pay and has put financial status in issue.  His income during this period is relevant to his damages and mitigation of damages.  Thus, the returns are relevant, and step one is satisfied.  At step two, Plaintiff has not met his burden to show less intrusive means are available – he has not produced financial information regarding that five-year period and could not remember or recall when questioned about such matters at his deposition.  Finally, Plaintiff claims that production of tax returns should not be necessary because Plaintiff worked for Bayonne and they should have payroll records.  However, that is insufficient to substitute for tax returns in this case because it is not clear that is the universe of responsive information relevant to Plaintiff's claims.

Plaintiff is ordered to immediately produce his tax returns for the period of 2015 to the present. They may be redacted to exclude all private and personal information and any information other than the amount of <u>earned</u> income reported by Plaintiff.  All information regarding earned income should be fully provided.

Based on the above, Defendant's motion is **granted**.

**SO ORDERED**.

s/Mark Falk
**MARK FALK**
**Chief Magistrate Judge**