**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SMITH *et al.*,<br><br>                     Plaintiffs,<br><br>     v.<br><br>CITY OF BAYONNE *et al.*,<br><br>                     Defendants. | Civil Action No.: 2:17-cv-4831<br><br>**ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of plaintiff Michael Smith's ("Plaintiff") appeal (ECF No. 124) of Magistrate Judge Michael Hammer's August 10, 2022 order (ECF No. 123) administratively terminating the parties' motions for summary judgment and directing Defendants the City of Bayonne and Joseph DeMarco (collectively, "Defendants") to respond to Plaintiff's request for admissions. Defendants filed an opposition to Plaintiff's motion. ECF No. 126. Plaintiff also filed letters in support of his appeal on October 12, 2022 (ECF No. 128) and January 20, 2023 (ECF No. 131).

**WHEREAS** this case arises out of an employment dispute between Plaintiff and Defendants. Specifically, Plaintiff alleges that Defendants discriminated against him and improperly terminated his employment because Plaintiff had worked for the re-election campaign of the former mayor, spoke out against unlawful requests from supervisors, and sought legally-protected accommodations in connection with his disability. *Id.* at 3, 8, 10; and

1

**WHEREAS** the complaint was filed on June 29, 2017. ECF No. 1. On January 21, 2021, Magistrate Judge Mark Falk entered an order ruling that all fact discovery was to be completed by March 15, 2021. *See* ECF No. 79 at 1; and

**WHEREAS** Plaintiff served his first request for admissions upon Defendants on June 22, 2022, over a year after the close of fact discovery and five days prior to the parties' deadline to file for summary judgment. *See* ECF Nos. 126 at 3, 125 at 7-8. The same day, Defendants objected to Plaintiff's request for admissions as untimely via email. *See* ECF No. 125 at 18-19. Thereafter, both parties filed motions for summary judgment on June 27, 2022. *See* ECF Nos. 114, 115. Plaintiff and Defendants filed oppositions to each other's summary judgment motions on July 21, 2022 (s*ee* ECF Nos. 117, 118) and replies in support of their respective summary judgment motions on August 5, 2022 (s*ee* ECF Nos. 119, 120). In his reply, Plaintiff argued that, by Defendants not responding to his request for admissions, they were deemed admitted.[1] *See* ECF No. 125 at 15-16, 22. Plaintiff did not raise to the Court Defendants' objection to his request for admissions ahead of filing his reply brief. *See* ECF No. 125 at 22; and

**WHEREAS** at Defendants' request, Judge Hammer held a conference on August 10, 2022 to address Defendants' objections to Plaintiff's request for admissions. *See* ECF Nos. 121 at 1, 125. At the status conference, Judge Hammer found that Defendants' June 22, 2022 email to Plaintiff represented a timely objection to Plaintiff's request. *See id.* at 21. Given Defendants' timely objection and that "plaintiff neither followed up with meet-and-confer nor brought the matters to the Court's attention," Judge Hammer expanded the timeframe in which Defendants could respond to Plaintiff's request for admissions by 30 days. *See id.* at 21-23, 27. In tandem,

---

[1] Judge Hammer noted that Plaintiff's reply brief raised for the first time the issue of admissions and that this was an impermissible use of the reply brief, which "went well beyond the scope of the prior briefing by introducing an entirely new set of proofs into the argument." ECF No. 125 at 23; *see also Dana Transport, Inc. v. Ableco Fin., LLC*, No. 04-2781, 2005 WL 2000152, at *6 (D.N.J. Aug. 17, 2005).

2

Judge Hammer administratively terminated the parties' motions for summary judgment with the ability to refile after Defendants provided responses to Plaintiff's request.  *See id.* at 24; and

**WHEREAS** on appeal, Plaintiff advances three arguments.  First, Plaintiff argues that Judge Hammer exceeded his Article I authority by administratively terminating Plaintiff's motion for summary judgment.  *See* ECF No. 124-1 at 3-5.  Second, Plaintiff argues that it was inappropriate for Judge Hammer to grant such relief at the conclusion of a status conference in lieu of formal motion practice.  *See id.* at 5.  And third, Plaintiff contends that Federal Rule of Civil Procedure 36 compels that Plaintiff's request for admissions be automatically admitted because "Defendants' counsel never acted within the 30 day window."  *See* ECF No. 124-1 at 6-7.  The Court will address these three issues in turn; and

**WHEREAS** a district judge may consider the appeal of a magistrate judge's non-dispositive ruling in order to "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."  L. Civ. R. 72.1(c)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").  A magistrate judge's ruling is "clearly erroneous" if the district court is "left with the definite and firm conviction that a mistake has been committed," *see Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)), and is "contrary to law" if the magistrate judge "has misinterpreted or misapplied applicable law," *see Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).  Appeal of a discovery dispute ruling, which is within the magistrate judge's exclusive jurisdiction, is reviewed for abuse of discretion.  *See Ezeani v. Anderson*, Civ. No. 21-cv-06759, 2022 WL 16709795, at *5 (D.N.J. Nov. 4, 2022) (collecting cases).  A magistrate judge commits an "abuse of discretion" if the Court's action "is

3

arbitrary, fanciful or unreasonable." *Ebert v. Twp. of Hamilton*, Civ. No. 15-cv-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)); and

**WHEREAS** beginning with Plaintiff's argument that Judge Hammer exceeded his authority by administratively terminating Plaintiff's summary judgment motion, Local Civil Rule 72.1 empowers magistrate judges in this District to conduct "pretrial conferences . . . which include but are not limited to scheduling . . . discovery . . . and entry of appropriate orders, including scheduling orders in accordance with L. Civ. R. 16.1 and Fed. R. Civ. P. 16." L. Civ. 72.1; *see also Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (noting that 28 U.S.C. § 636(b)(1)(A) gives magistrate judges authority "to hear and determine" nondispositive matters). Judge Hammer was within his authority under these rules when he administratively terminated the parties' summary judgment motions pending Defendants' responses to Plaintiff's request for admissions. *See Ezeani*, 2022 WL 16709795, at *6 (denying plaintiff's argument that magistrate judge's administrative termination of summary judgment motion exceeded the magistrate judge's constitutional limits). Accordingly, insofar as Plaintiff appeals Judge Hammer's order on the grounds he inappropriately administratively terminated Plaintiff's summary judgment motion, Plaintiff's appeal is denied; and

**WHEREAS** turning next to Plaintiff's argument that resolving the discovery dispute during a status conference as opposed to after formal motion practice was "procedurally ineffective," Local Rule 16.1(f) dictates that any case management dispute "not resolved shall be presented by telephone conference call or letter to the Judge. This presentation shall precede any formal motion." L. Civ. R. 16.1(f)(1); *see also* L. Civ. R. 37.1(a)(1) (requiring same in the discovery dispute context). Courts in this District interpret this procedure as permitting the

magistrate judge to informally resolve disputes where formal motion practice is deemed unnecessary. *See, e.g.*, *Katiroll Co., Inc. v. Kati Roll & Platters Inc.*, Civ. No. 10-cv-3620, 2014 WL 12634921, at *1 (D.N.J. Apr. 8, 2014) (noting that "the purpose of requiring parties to present discovery disputes via telephone conference call or letter is to give the Court the opportunity to address same or at least determine if the dispute can be addressed without motion practice."). Here, this procedure was properly followed when Defendants requested a status conference before the Court to specifically address Plaintiff's request for admissions and the Court conferenced the matter on August 10, 2022.[2] As Judge Hammer noted, the Court's order granting the conference "made very plain [that the conference's purpose] was to discuss the defense's letter." *See* ECF No. 125 at 13-14; *see also* ECF No. 122 (advising the parties to meet-and-confer on "the RFAs and summary judgment briefing," noting that "[t]he Court will inquire of counsel about their meet and confer efforts at the telephone conference"). Thus, Judge Hammer's decision to informally resolve the parties' dispute did not render his order "procedurally ineffective;" and

**WHEREAS** finally, regarding Plaintiff's assertions that his request for admissions be deemed admitted, Federal Rule of Civil Procedure 36(a)(5) states that a party's "grounds for objecting to a request must be stated" and the objection must not be based "solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). At the August 10 status conference, Judge Hammer reviewed the email that Defense counsel sent to Plaintiff's counsel the very same day that Plaintiff served his request for admissions. *See* ECF No. 125 at 19. Defense counsel's email put Plaintiff on notice of Defendants' position that they deemed the request "15 months too late," advising that Defendants "will not be responding to these demands"

---

[2] Insofar as Plaintiff objects on grounds that Defendants sought a status conference before initiating Local Rule 37.1 discussions, *see* ECF No. 124-1 at 4, this contention is unavailing as the parties' represented that they did attempt to meet and confer before the conference and Plaintiff rejected Defendants' offer to respond to all 172 of Plaintiff's requests for admissions. *See* ECF No. 125 at 3-4, 25.

5

and directing Plaintiff to "request permission from the Court" to compel Defendants' responses. *See id.* at 19. As Judge Hammer noted, Defendants' email "makes very clear what the basis of the objection is" and is not merely "on the basis that the requests present genuine issues for trial." *See id.* at 20. As such, Judge Hammer's finding that Defense counsel's email sufficiently constituted a Rule 36(a)(5) objection, *see id.* at 19, was not an abuse of discretion, nor was it clearly erroneous or contrary to law.[3]

Accordingly, **IT IS** on this 13th day of March, 2023;

**ORDERED** that Plaintiff's appeal (ECF No. 124) of Judge Hammer's August 10, 2022 order is **DENIED**.

**SO ORDERED**.

s/ Claire C. Cecchi<br>
**CLAIRE C. CECCHI, U.S.D.J.**

---

[3] To the extent Plaintiff objects on these grounds, Judge Hammer was also within his discretion to extend the timeline for Defendants to respond to the request for admissions. *See RLA Marketing, Inc. v. WHAM-O, Inc.*, Civ. No. 04-cv-3442, 2007 WL 766351, at *2 (D.N.J. Mar. 7, 2007) ("Fed. R. Civ. P. 36(a) specifically provides the Court with the ability to shorten or lengthen the time in which to respond to Requests for Admissions."); *United States v. Branella*, 972 F. Supp. 294, 301 (D.N.J. 1997) ("Courts have great discretion in deciding whether to withdraw or amend an admission.").